## The State of Kansas v. Charles N. Elliott.

Intoxicating Liquors — *Unlawful Sales* — *Evidence.* Where, in a prosecution under the prohibitory law of this state, for selling intoxicating liquor for an unlawful purpose, the state elects to rely on a sale made on the 6th of April, evidence of other sales, on other days, may be given to the jury for the purpose of showing that the liquor was not needed for medical purposes, but was wanted for use as a beverage, and that the defendant knew, or had good reason to know, that the applicant wanted the liquor for use as a beverage; and in such a case, the applications on which the sales were made may be used in evidence for such purposes.

*Appeal from Republic District Court.*

At the May term, 1890, the defendant *Elliott* was found guilty of a violation of the prohibitory liquor law, and sentenced to pay a fine of $100, the costs of the prosecution, and to be imprisoned thirty days in the county jail. He appeals. The facts appear in the opinion.

*A. D. Wilson,* and *Noble & Surface,* for appellant.

*L. B. Kellogg,* attorney general, and *Jay F. Close,* county attorney, for The State.

Opinion by STRANG, C.: This was an action brought by the state of Kansas against Charles N. Elliott, charging the said Elliott with the violation of the prohibitory liquor law of Kansas. The information contained ten counts. The defendant was acquitted upon all of them but the last one. Upon this count he was convicted. A motion for a new trial was overruled, also a motion in arrest of judgment, and the defendant was sentenced to pay a fine of $100 and the costs accruing on the tenth count, and to undergo imprisonment in the county jail for the period of thirty days. From this sentence the defendant appeals to this court.

The tenth count of the information reads as follows:

"And I, the county attorney, come now here and give the court to understand and be informed that, on the 15th day of August, 1889, the said Charles N. Elliott, in Republic county, Kansas, did then and there willfully and unlawfully sell and barter malt, vinous, fermented, spirituous and other intoxicating liquors for other than medical, mechanical and scientific purposes."

The charge against the defendant in this count is the sale of intoxicating liquor for unlawful purposes. The defendant could not under this count be tried for selling in an unlawful manner for a lawful purpose; nor do we gather from the record that there was any attempt in the court below to try the defendant for so selling. We do not understand that the defendant was tried for selling without the statement required by law having been first made; nor for selling upon a statement mistakenly filled out. If the liquor sold to Emil Rudeman on April 6 was for medicine, then the fact that there was a technical error in the filling of the blank application for the liquor would not render the defendant guilty of a violation of the law and subject to punishment. The state does not seek to convict her citizens of crime upon mere technicalities, growing out of immaterial errors. In this case the attorney general disclaims any desire to hold the defendant guilty because of the error in the manner of filling up the blank ap-

plication for the liquors.    The contention of the state is, that
the defendant was tried for selling liquor for an unlawful
purpose — a purpose for which, under the constitution and laws
of Kansas, it cannot be lawfully sold, no matter what the
manner of the sale may be.    The purpose for which it was
sold was clearly set out in the tenth count of the information;
and upon the trial the defendant was convicted.    There was
some evidence to support the verdict of the jury, and there-
fore this court cannot disturb the judgment of the court below.
The sale complained of was admitted, and also proved by the
application for the liquor sold.    The only question is, Was it
sold for a lawful purpose?    If it was, then the judgment of
the court below should be reversed.    If it was sold for an
unlawful purpose, then the judgment should stand.    The ap-
pellant complains of the character of the evidence to show that
the sale was unlawful.    He says the evidence consisted in
statements that the law compelled the defendant to take in
his business, and that they could not be used against him, be-
cause he could not under the law be required to criminate
himself.    There is no force in this position of the appellant.
The statements taken by a druggist who has a permit to sell
intoxicating liquors for lawful purposes are not his state-
ments, but are the statements of the applicant for the liquor.
There is nothing in the law that requires a druggist to sell
even upon such statements.    He may refuse to sell notwith-
standing the statement.    And besides, the purpose to be sub-
served by the requirement in the law, which necessitates the
taking and filing with the probate judge of such statements,
is that the public may ascertain whether the druggist, who
has been given the right to sell for legitimate purposes, is
complying with the law, or otherwise.

The appellant also complains that statements relating to
other sales were introduced in evidence, after they had been
withdrawn by reason of the state electing to rely on the sale
made on the 6th of April.    The state denies that such state-
ments were re-introduced, but says the defendant was simply
cross-examined with reference to them.    We think, however,

that the state had a right to such statements in evidence, not for the purpose of convicting the defendant of other sales, nor for the purpose of proving the sale relied on, but for the purpose of showing, first, that the defendant had made other sales to Rudeman of liquor so recently before the sale complained of that Rudeman could not have wanted the liquor, the sale of which was relied on to convict him, for medical purposes; and second, to show that the defendant knew the appellant did not want the liquor, the sale of which was complained of, for medical purposes; and to show the defendant's want of good faith in making the sale. The application for liquor made by the purchaser, no matter how regular it is, does not constitute an absolute shield to the druggist selling thereon. If, from any source, he knows the liquor is sought to be used as a beverage, and with such knowledge he sells it, he is guilty of a violation of the law, notwithstanding the statement. In this case, the evidence shows that the defendant sold Rudeman one-half pint of alcohol on April 1, one-half pint April 2, a half pint April 3, a half pint April 5, one pint April 6, a pint April 9, and a half pint April 10, and so on. The question on this evidence was, Did Rudeman need the liquor sold him on the 6th for medical purposes, or did he want it for use as a beverage? and second, if he wanted it for use as a beverage, did the defendant know that the appellant wanted the liquor to be used as a beverage? The appellant had purchased from the defendant a pint of alcohol, equivalent to at least half a gallon of whisky, the very day before the sale on the 6th. He also purchased on the 1st, 3d and 5th of the month a half pint each time. We think the jury had a right to this evidence for the purposes mentioned, and that, having heard it, together with the other evidence, had a right to say that Rudeman did not need the alcohol purchased on the 6th for medical purposes, but wanted it for a beverage; and had a right also to say that the defendant knew it was wanted as a beverage when he sold it, and that he was therefore guilty of a violation of the law. A druggist who does not know that a man does not need a pint or half pint of al-

cohol every day for a mere tonic, or "stimulant," should be disqualified to handle poisons of any kind.

The appellant complains of the eleventh instruction given by the court to the jury, and says that the court should have limited the sale to the 6th of April instead of the statutory limit. Where, in a prosecution for an alleged violation of the prohibitory law, the state relies on a single sale of intoxi- cating liquor, it may prove the sale on any day within the statutory limitation.

We have examined the 3d, 5th and 6th instructions asked by the appellant, and refused by the court, which refusal is complained of, and do not think any error was committed in refusing to submit them to the jury.

We recommend that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.